CHARLES S. DAVIS *vs.* PAUL WALTON and another.

Washington. Opinion July 25, 1888.

*Equity. Fraudulent conveyance. Creditor's bill.*

A judgment creditor whose execution has been returned satisfied by seizure and sale of real estate alleged to belong to the debtor, he being the purchaser at the sheriff's sale, cannot maintain a bill in equity, as a creditor, against the debtor and another who is alleged to hold the title to the real estate by a deed which is fraudulent as to creditors.

In such cases his remedy, if any, must be as a purchaser and not as a creditor.

Appeal from the decree of a single justice.

Bill in equity. The bill alleges that the plaintiff is the creditor of Paul Walton, and that the other defendant holds the title to the real estate of Paul Walton by, or through a conveyance which is fraudulent and void as to creditors, and prays that Paul Walton be required to pay him the amount of his debt, or the other defendant be required to give him a good and sufficient deed of the real estate. The other material facts are stated in the opinion.

*A. McNichol and B. Rogers,* for the plaintiff.

"A bill which charges that the judgment debtor, one of the defendants, had fraudulently and without a valuable consideration transferred his property to the other under an agreed purpose between them to defraud the plaintiff, is not demurrable." *Hartshorn* v. *Eames,* 31 Maine, 93.

"By the levy of an execution on the land of a judgment debtor

and delivery of seizen to the creditor, the possession of the tenant even if adverse to the creditor thereby becomes interrupted." *Clark* v. *Pratt*, 55 Maine, 546.

"Before a court in equity will interfere to afford relief, as by declaring a conveyance void, for fraud, plaintiff must show that he has an interest in the estate conveyed by levy or otherwise, or in other subject matter to which the bill relates." *Dana* v. *Haskell*, 41 Maine, 25.

"To give jurisdiction in case of a bill in equity seeking relief against a debtor who had fraudulently conveyed his property it must appear that the creditor has levied upon it or attempted to do so, or that the officer has returned his execution unsatisfied, showing that he had exhausted his remedy at law." *Webster* v. *Clark*, 25 Maine, 313 ; *Same* v. *Withey*, 25 Maine, 326 ; *Skeele* v. *Stanwood*, 33 Maine, 307 ; *Caswell* v. *Caswell*, 28 Maine, 232.

"After a creditor in such case has exhausted all legal remedies, a court of equity will aid him in perfecting his title to the estate and prevent his being injured by an outstanding fraudulent title. *Dockray* v. *Mason*, 48 Maine, 178 ; *Corey* v. *Green*, 51 Maine, 114.

In *Gardiner Bank* v. *Wheaton*, 8 Greenl. 373, in such case a bill in equity in favor of judgment creditors, without any levy, was finally sustained. If, in any such case, a levy should be made by a creditor, he might, perhaps, acquire a lien to the specific property, which would take priority of another creditor making no levy, or be good against a subsequent purchaser. *Corey* v. *Greene*, 51 Maine, 117.

In *Dockray* v. *Mason*, cited above, the legal title was never in the debtor.

"When a creditor seeks by bill in equity to obtain payment of his debt from certain real estate paid for by the debtor but conveyed to his wife, a levy is unnecessary if the debtor never had any title to the land." *De Brisay* v. *Hogan*, 53 Maine, 554.

*E. E. Livermore*, for defendants, cited : *Woodman* v. *Freeman*, 25 Maine, 531 ; *Webster* v. *Clark*, 25 Maine, 313 ; *Webster* v. *Withey*, 25 Maine, 326 ; *Corey* v. *Greene*, 51 Maine, 114 ; *Griffin* v. *Nitcher*, 57 Maine, 270 ; *Howe* v. *Whitney*,

66 Maine, 17; *Baxter* v. *Moses*, 77 Maine, 465; Bump, Fraudulent Conveyance, 514.

WALTON, J. We think the dismissal of the plaintiff's bill was right. He claims relief as a creditor. The proof is that at the time of filing his bill he had ceased to be a creditor. His debt had become merged in a judgment, and an execution which had been issued upon the judgment had been satisfied in full by a sale of the debtor's interest in real estate. The plaintiff was the purchaser, and if the debtor's interest was not as great or as valuable as the plaintiff supposed, his remedy, if any, must be as a purchaser and not as a creditor. He has ceased to be a creditor. Such was the opinion of the justice by whom the case was heard at · *nisi prius*; and upon this ground he dismissed the bill with costs. We think the dismissal was right.

*Decree dismissing the bill with costs affirmed.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.